IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-19-0004-006-F |
| | ) |
| WYLEMA WILSON, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the court is defendant, Wylema Wilson's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i).  Doc. no. 315.[1]  Plaintiff, United States of America, has responded to the motion.  Doc. no. 319.  Upon review of the parties' submissions, the court finds that defendant's motion should be denied.

I.

Defendant posits that her medical conditions—Type 2 diabetes, obesity, hyperlipidemia, dementia, epilepsy/seizure disorder, hypertension, heart disease, asthma, acid reflux disease, and substance abuse disorder—put her at significant risk of severe and life-threatening illness from COVID-19.  Because of the present

---

[1] Defendant's motion was filed as a "Motion for Reconsideration of Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)."  By order filed July 14, 2021, the court construed defendant's motion as a Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i).  *See*, doc. no. 316.

pandemic, her medical conditions, and her current housing,[2] defendant claims that extraordinary and compelling reasons exist to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant maintains that the statute's exhaustion provision has been satisfied by the denial of her compassionate release request by the Central Office of the Bureau of Prisons in Washington, D.C.

## II.

"Federal courts generally lack jurisdiction to modify a term of imprisonment once it has been imposed." United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013) (citing Dillon v. United States, 560 U.S. 817, 819 (2010)).  "[A] district court is authorized to modify a defendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so." United States v. Baker, 769 F.3d 1196, 1198 (10th Cir. 2014) (quoting United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006)).

"Congress expressly granted district courts limited jurisdiction to modify sentences in 18 U.S.C. § 3582(c)." Baker, 769 F.3d at 1198.  Section 3582(c) reads, in pertinent part, as follows:

> (c) Modification of an imposed term of imprisonment.—
> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant

---

[2] Defendant is currently housed at the Federal Medical Center (FMC) Carswell in Fort Worth, Texas.  FMC Carswell currently has zero inmates and staff positive for COVID-19.  It has had 7 inmate deaths and 646 inmates and 3 staff who have recovered from the disease.  *See*, www.bop.gov/coronavirus (last accessed August 4, 2021).  Defendant asserts that in addition to her risk of having a severe and life-threatening illness from COVID-19, FMC Carswell refuses to render adequate and necessary medical care for her medical conditions.

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

### III.

With respect to the statute's exhaustion requirement, defendant has attached a denial by the National Inmate Appeals Administrator, Office of General Counsel, of her compassionate release request. Doc. no. 315-2, p. 3. The denial is dated March 2, 2021. Because defendant has demonstrated that she completed the administrative remedy process with respect to her compassionate release request, the court concludes that it may proceed to address the merits of defendant's motion.

### IV.

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), a district court may grant a motion for reduction of sentence, whether filed by the Director of the Bureau of Prisons or a defendant, only if three requirements are met: "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction;" (2) the district court finds that such a reduction is consistent with applicable policy

3

statements issued by the Sentencing Commission;"[3] and (3) "the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." United States v. McGee, 992 F.3d 1035, 1042 (10th Cir. 2021).  District courts may deny compassionate-release motions when any of the three prerequisites are lacking, without addressing the others.  *Id*. at 1043.  On the other hand, when a district court grants a motion for compassionate release, it must address all three steps.  *Id*.

In defendant's case, the court finds that the factors in 18 U.S.C. § 3553(a) weigh against compassionate release.  Relevant § 3553(a) factors include, but are not limited to, the nature and circumstance of defendant's offense and the history and characteristics of defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

Defendant is incarcerated because she committed a serious offense—conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846.  For her offense, defendant was sentenced to a term of imprisonment of 60 months, the mandatory minimum.  The court, in sentencing defendant to the mandatory minimum, varied downward from the advisory guidelines range of imprisonment of 151 months to 188 months.  In so doing, the court took into consideration defendant's health.

In addition, defendant has a significant criminal history.  Her criminal history includes 8 different state convictions.  Defendant committed her offense in this case while under a criminal judicial sentence.

---

[3] McGee held that the Sentencing Commission's most recent policy statement, which was issued before the First Step Act was enacted, is not applicable to sentence reduction motions filed by prisoners pursuant to the First Step Act.  992 F.3d at 1048.

Defendant still has almost one year of imprisonment remaining. Her projected release date is June 25, 2022. Further, the Bureau of Prisons has classified defendant as a medium risk for recidivism. Doc. no. 319-1, p. 2.

After consideration of the relevant factors and bearing in mind the court varied downward from the advisory guideline sentencing range for defendant's offense, the court concludes that a prison sentence longer than defendant has served to date is necessary to reflect the seriousness of defendant's offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. Therefore, the court concludes that a sentence reduction is not appropriate. Defendant's motion will be denied.

V.

After careful consideration, defendant, Wylema Wilson's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (doc. no. 315) is **DENIED**.

IT IS SO ORDERED this 4th day of August, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0004p048 (Wilson).docx