IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-19-0004-006-F |
| ) | |
| WYLEMA WILSON, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Before the court is defendant, Wylema Wilson's "Emergency Motion for Reconsideration 18 U.S.C. Section 3742(e) Post-Sentencing Rehabilitation Programming." Doc. no. 325. Upon review, the court finds that no response from the government is required. The court finds that the motion should be dismissed without prejudice for lack of jurisdiction, or in the alternative, denied.

Defendant is requesting a reduction of her sentence pursuant to 18 U.S.C. § 3742(e) based upon her post-sentencing rehabilitation efforts. According to defendant, she has received over 25 programming certificates during her incarceration. Defendant cites Pepper v. United States, 562 U.S. 476 (2011), in support of her motion. However, in Pepper, the Supreme Court held that a district court may consider evidence of a defendant's post-sentencing rehabilitation "when a defendant's sentence has been set aside on appeal and [her] case remanded for resentencing." Id. at 490-491. Here, defendant's sentence has not been set aside by the Tenth Circuit Court of Appeals and remanded to this court for resentencing. Thus, section 3742(e) and Pepper do not provide authority for the court to reduce

defendant's sentence.  As such, defendant is ineligible for a sentence reduction as requested and the court finds that defendant's motion should be dismissed without prejudice for lack of jurisdiction.  *See*, United States v. White, 765 F.3d 1240, 1250 (10th Cir. 2014).

Defendant previously filed a Motion for a Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i).  The court denied that motion on August 4, 2021.  *See*, doc. no. 320.  To the extent defendant is seeking reconsideration of that ruling and defendant's motion should be construed as such, the court finds that defendant's motion is untimely filed and should be denied on that basis.[1]

For the reasons stated, defendant, Wylema Wilson's "Emergency Motion for Reconsideration 18 U.S.C. Section 3742(e) Post-Sentencing Rehabilitation Programming" (doc. no. 325), filed January 28, 2022, is **DISMISSED** without prejudice for lack of jurisdiction, or in the alternative, **DENIED**.

IT IS SO ORDERED this 2nd day of February, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0004p050 (Wilson).docx

---

[1] *See*, United States v. Randall, 666 F.3d 1238, 1243 (10th Cir. 2011) ("[A] motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order."); *see also*, United States v. Heath, 846 Fed. Appx. 725, 728 (10th Cir. 2021) (holding that a motion for reconsideration of an order dismissing a sentence reduction motion under § 3582(c)(1) was untimely because it was not filed within the 14-day time period for appeal) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).